## Siwek v. Siwek

*Otto W. Woltersdorf*, for plaintiff.
*Stephan T. Potok*, for Consul General of Poland.

ALESSANDRONI, J., October 26, 1951.—The libel in divorce in this case was filed November 27, 1946, an alias subpœna in divorce was issued May 15, 1947. On August 7, 1947, an order authorizing service by publication was entered. On February 12, 1948, a copy of the libel was sent by registered mail, return receipt requested, to Jan Galewicz, Consul General of Poland.

The master was advised by Stephan T. Potok, Esq., that he represented the Consul General of the Republic of Poland. Attempts were allegedly made to secure a warrant of attorney from defendant, who is in Poland. These attempts have failed. The master delayed holding any meetings for the purpose of taking testimony until August 8, 1949. Notice of such meeting was sent to defendant in Poland, by registered mail, return receipt requested. This receipt was returned and the signature verified by plaintiff.

At no time has defendant, if she so desired, indicated an intention to have an attorney represent her. Every effort was made to secure a warrant of attorney but without success. It must be concluded that she did not wish to contest the action. Furthermore, Mr. Potok has at no time filed a warrant of attorney from either defendant or the consul general. Thus Mr. Potok is without authorization to enter an appearance or to file exceptions or otherwise act as attorney for defendant. See Elicker v. Elicker, 52 D. & C. 351.

Therefore, since the alleged counsel for defendant has no standing, the motions are a nullity and should be stricken off.

### Order

And now, to wit, October 26, 1951, plaintiff's rule to strike off petition for rule to return master's report for further consideration is made absolute, and plaintiff's rule for striking exceptions to the master's report from the record is made absolute.